### O'KANE v. UNITED STATES.
### No. M–443.

District Court, E. D. Pennsylvania.
Aug. 7, 1936.

Harry Norman Ball, of Philadelphia, Pa., for plaintiff.

Charles D. McAvoy, U. S. Atty., of Philadelphia, Pa.

MARIS, District Judge.

This is a suit against the United States by the beneficiary under a war risk insurance policy issued to Henry O'Kane during his service in the World War. It is brought to recover the sum of $9,000 alleged to be due under the policy. The United States has filed a motion to dismiss the plaintiff's petition for the reason that the suit is barred by the time limitation prescribed in section 19 of the World War Veterans' Act of 1924, as amended (title 38 U.S.Code, § 445, 38 U.S.C.A. § 445). That act provides no suit on such a policy shall be allowed unless brought within six years after the right accrued for which the claim is made or within one year after July 3, 1930, whichever is the later date. The act provides, however, that this limitation shall be suspended for the period elapsing between the filing in the Veterans' Administration

of the claim sued upon and the denial of said claim by the Administrator of Veterans' Affairs. Upon this motion, which is in the nature of a demurrer, the facts alleged in the plaintiff's petition must be taken as true, and we cannot consider the facts averred in the answer and amended answer.

The petition alleges that the insured was totally and permanently disabled on or about June 7, 1919, and continued so until his death, which took place on January 5, 1931. It states that on or about the latter date, as well as on subsequent dates, proof of death was furnished to the United States Veterans' Administration and demand was made for the payment of the sum of $9,000 claimed to be due under the terms of said policy. It sets up that from about January 5, 1931, until about July 20, 1933, plaintiff was negotiating with the Veterans' Administration for the payment of the claim, and that on or about the latter date the Administration informed plaintiff that there was no authority under which further administrative action could be taken in the case and that her claim was barred and that there was no law under which disagreement could be based.

We think that the allegation of the furnishing of proof of death to and making demand upon the Veterans' Administration by the plaintiff on or about January 5, 1931, was a sufficient allegation of the filing of a claim in the Veterans' Administration, and that the statement by the Administration that her claim was barred and that there was no law under which disagreement could be based was the equivalent of a denial of the claim within the meaning of the act. Consequently the limitation provided by the statute was suspended from January 5, 1931, to July 20, 1933. This suit was brought on September 25, 1933. When the period during which the limitation is suspended is eliminated, it follows that the limitation period of one year after July 3, 1930, had not expired when this suit was brought; consequently this motion must be denied.

We have not overlooked the fact that the United States in its amended answer denies that either proof of death or demand were furnished to the Veterans' Administration with respect to this claim on or about January 5, 1931, or at any time prior to December 15, 1932. This, how-

ever, raises a question of fact which cannot be considered in disposing of the present motion, but will be determined at the trial of the cause.

The motion to dismiss the plaintiff's petition is denied.